NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: COZY, INC.,**
*Petitioner*

---

2023-145

---

On Petition for Writ of Mandamus to the United States District Court for the District of Massachusetts in No. 1:21-cv-10134-JGD, Magistrate Judge Judith G. Dein.

---

**ON PETITION**

---

Before REYNA, TARANTO, and HUGHES, *Circuit Judges.*

REYNA, *Circuit Judge.*

**O R D E R**

Cozy, Inc. petitions for a writ of mandamus directing the United States District Court for the District of Massachusetts to vacate its July 27, 2023, order requiring production of certain documents on Cozy's privilege log. Dorel Juvenile Group, Inc. opposes. We deny the petition.

I.

Cozy, which was founded by Dr. Arjuna Rajasingham, brought this lawsuit against Dorel alleging infringement of four of Cozy's patents. In response, Dorel asserted

counterclaims for inequitable conduct alleging Cozy made material misrepresentations and omissions in connection with patent prosecution and post-issuance activity before the United States Patent and Trademark Office (PTO).

Dorel moved for the district court to compel the production of certain documents listed on Cozy's privilege log on the ground that the documents were subject to the crime-fraud exception. Among its arguments, Dorel asserted that Cozy had misrepresented that Dr. Rajasingham prosecuted the patents without consultation from counsel and had pursued inconsistent positions in an attempt to mislead the PTO in order to obtain a more beneficial priority date in pursuit of Cozy's litigation against Dorel.

Following *in camera* review of the documents, the district court granted the motion in part. Applying the traditional elements for common law fraud, the district court determined that Dorel established a *prima facie* case that Dr. Rajasingham had "manipulated the PTO into recognizing priority dates to which he was not entitled," Appx0020, and "relied on the advice of his counsel to perpetrate a fraud on the PTO," Appx0021. Cozy now petitions for a writ of mandamus challenging the district court's ruling.* We have jurisdiction pursuant to 28 U.S.C. § 1651(a) and 28 U.S.C. § 1295(a)(1).

## II.

Mandamus is a "drastic and extraordinary" remedy to be used "only [in] exceptional circumstances," *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (citations omitted). As such, we will issue the writ only if the petitioner shows that (1) it has a "clear and indisputable" right to relief; (2) there is "no other adequate means" to obtain the desired relief; and (3) the writ is "appropriate under the

---

\*    The district court stayed production of the documents pending our disposition of the mandamus petition.

circumstances." *Id.* at 380–81 (citation omitted).  Cozy has not satisfied that exacting standard here.

Cozy has not shown that mandamus review is the only adequate means by which it can obtain meaningful relief. The Supreme Court has made clear that "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege . . . by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009).  While mandamus relief may be available for "particularly injurious" privilege rulings, *id.* at 110, Cozy has not pointed to any unique circumstances here that might justify our immediate review.

Nor has Cozy shown a clear and indisputable right to relief.  Although noting disagreement with the court's conclusions that Dr. Rajasingham acted with the requisite intent and that counsel's advice was used in furtherance of fraud, Cozy does not press those issues in its petition.  Indeed, Cozy expressly limits its petition to arguing that the crime-fraud exception requires "a clear showing that the patent would not have issued" but for the misrepresentations, which Cozy contends lacks record support here.  Pet. at 2, 4–5, 26–27.  On those limited arguments presented, we conclude that Cozy has not established a clear entitlement to disturbing the court's discovery ruling.

Cozy primarily argues that the crime-fraud exception can only apply in the context of misrepresentations to the PTO when a "patent would not have issued but for those statements or omissions."  Pet. at 29.  But Cozy cites only to authorities confirming that sufficiently supported allegations of misrepresentations to the PTO before the issuance of a patent can justify an exception to the attorney-client privilege.  *See Unigene Lab'ys, Inc. v. Apotex, Inc.*, 655 F.3d 1352, 1359 (Fed. Cir. 2011).  It cites no authority holding that post-issuance misrepresentations to the PTO

can never be used to pierce the attorney-client privilege. And it is far from clear why "[a] client who consults an attorney for advice that will serve him in the commission of a fraud" on the PTO following patent issuance should get "help from the law" by shielding communications used in commission of that fraud. *See Clark v. United States*, 289 U.S. 1, 15 (1933); *cf.* 18 U.S.C. §§ 371, 1001.

As to Cozy's remaining challenges, mindful of our limited task on mandamus, we are not prepared to disturb the district court's case-specific fact findings based on the limited arguments presented in the petition. In denying mandamus we express no view on whether Cozy's arguments would be successful on direct appeal. We further expect that the communications and related documents will be kept under seal to mitigate the potential harmful effects caused by disclosure. *See In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012). In addition, to the extent circumstances arise during the proceedings, it would be helpful if the district court could indicate separately what findings it would make with and without the documents used as a result of piercing the privilege at issue here.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition for writ of mandamus is denied.

(2)  Any pending motions are denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

December 4, 2023
Date